**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| **v.** | : | **VIOLATION:** |
| | : | |
| **RICHARD IRVING VAUGHN,** | : | **18 U.S.C. § 922(g)(1)** |
| | : | **(Unlawful Possession of Ammunition by a** |
| **Defendant.** | : | **Person Convicted of a Crime Punishable** |
| | : | **by Imprisonment for a Term Exceeding** |
| | : | **One Year)** |
| | : | |
| | : | **FORFEITURE:** |
| | : | **18 U.S.C. § 924(d); 21 U.S.C. § 853(p); and** |
| | | **28 U.S.C. § 2461(c)** |

## INFORMATION

The United States Attorney charges that:

## COUNT ONE

On or about March 4, 2026, within the District of Columbia, **RICHARD IRVING VAUGHN**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the District of Columbia Superior Court, Case Number 2024 CF2 007668, did unlawfully and knowingly receive and possess a firearm, that is, an American Tactical .223 caliber firearm and accompanying .223 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of 18 U.S.C. § 922(g)(1))

## FORFEITURE ALLEGATION

1.      Upon conviction of the offense alleged in Count One of this Information, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the knowing commission of the

offenses, including but not limited to an American Tactical .223 caliber firearm and accompanying .223 caliber ammunition.

2.     If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

(**Criminal Forfeiture**, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c))

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     /s/ *Ursula N. Simmons*
        Ursula N. Simmons
        Special Assistant United States Attorney
        Federal Major Crimes Section
        United States Attorney's Office for D.C.
        601 D Street NW, Fifth Floor
        Washington, D.C. 20530
        (202) 809-0787
        Ursula.Simmons@usdoj.gov